UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAQUIM PEDRO DE MORAIS FILHO, *on behalf of* Nicolas Maduro Moros,

                        Petitioner,

-against-

PAM BONDI, *Attorney General of the United States, in her official capacity as the custodian authority*, and THE UNITED STATES OF AMERICA,

                        Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/8/2026___

1:26-cv-36 (MKV)

ORDER DENYING PETITION
AND DISMISSING CASE
FOR LACK OF JURISDICTION

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Pedro de Morais Filho, proceeding *pro se*, initiated this case by purporting to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on behalf of "Nicolás Maduro Moros," whom Petitioner describes as the "President of the Bolivarian Republic of Venezuela" and the "Real Party in Interest" [ECF No. 1 ("Pet.") at 5]. Petitioner is "a Brazilian citizen . . . residing in São Paulo, Brazil" and "a self-described global citizen and human rights advocate." Pet. at 5. Petitioner does not purport to have any relationship with Maduro.

Petitioner seeks emergency relief, requesting that the Court "GRANT the writ of habeas corpus forthwith." Pet. at 14. In particular, Petitioner asks the Court to (1) "ORDER Nicolás Maduro Moros's immediate release and transfer to Venezuela or to the International Criminal Court (ICC) in The Hague," (2) "DECLARE the U.S. detention unlawful and enjoin any trial proceedings in New York," and (3) "AWARD costs." Pet. at 14 (emphases in original). Petitioner also seeks leave to proceed *in forma pauperis* [ECF No. 3].

As the Second Circuit has explained, a court does not have jurisdiction to hear a habeas petition unless the petitioner has "standing to bring it." *Ross ex rel. Smyth v. Lantz*, 396 F.3d 512,

1

513 (2d Cir. 2005); *see also Whitmore v. Arkansas*, 495 U.S. 149, 164–66 (1990).  By statute, a petition for habeas corpus may be brought only "by the person for whose relief it is intended *or by someone acting in his behalf*" properly as a "next friend."  *Ross ex rel. Smyth*, 396 F.3d at 513 (emphasis in original) (quoting 28 U.S.C. § 2242).  Moreover, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."  *Whitmore*, 495 U.S. at 164.

There are "at least two firmly rooted prerequisites" for a "next friend" to bring a habeas petition seeking relief for another person.  *Id*. at 163.  "First, a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest" cannot "prosecute the action" himself.  *Id.*  Second, the "next friend" must be fully "dedicated to the best interests of the person on whose behalf he seeks to litigate," often because of a "significant relationship" with that person.  *Id.*; *see also Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025) (explaining that a "significant relationship" is relevant but is not required or sufficient for "next friend" status).

Petitioner entirely fails to satisfy these prerequisites.  Petitioner asserts that he "qualifies a 'next friend' because Maduro is [being] held incommunicado."  Pet. at 11.  However, on the very day this action was assigned to this Court, Maduro appeared in open court and represented by counsel in the very "proceedings" Petitioner asks this Court to enjoin.  Pet. at 14; *see USA v. Carvajal-Barrios*, 11-cr-205 (AKH), ECF Nos. 272, 273.  Petitioner has made no showing that Maduro cannot "prosecute [a habeas] action" himself if and at such time as he may wish to pursue such relief.  *Whitmore*, 495 U.S. at 163.  Petitioner also fails to demonstrate that he is entirely "dedicated to [Maduro's] best interests."  *Id*.  Indeed, Petitioner's suggestion that this Court "transfer" Maduro to "the International Criminal Court (ICC) in The Hague," Pet. at 14, raises a

question whether the relief Petitioner seeks aligns entirely with the interests of the "person on whose behalf [Petitioner] seeks to litigate." *Whitmore*, 495 U.S. at 163. As noted above, Petitioner does not purport to have any relationship with Maduro, much less a "significant relationship" with him. *Id.* For all of these reasons, Petitioner has failed to "establish the propriety of his ['next friend'] status and thereby justify the jurisdiction of the court." *Id*. at 164.

Petitioner separately, and unconvincingly, argues that he meets the requirements for Article III standing articulated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *See* Pet. at 10. As the Supreme Court explained in that decision, and has since reiterated many times, "the irreducible constitutional minimum of standing contains three elements": (1) an "injury in fact" that is both "concrete and particularized," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood that "the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted); *see United States v. Texas*, 599 U.S. 670, 676 (2023); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–40 (2016). Petitioner asserts that "[a]s a Brazilian Latino," he is injured by "U.S. policies that threaten regional stability," including potential "impacts" on "migration and economic stability in São Paulo." *Id.* He further asserts that U.S. "policies directly affect his human rights advocacy and cultural identity" in unspecified ways. *Id.* With respect to causation and redressability, Petitioner asserts that the "U.S. detention [of Maduro] is the direct cause" of the potential "transnational ripple effects" that Petitioner asserts might occur, and "[h]abeas relief (transfer of the detainee) would mitigate" the asserted potential harms. *Id*.

Petitioner's standing arguments are obviously unavailing. Petitioner's asserted injuries are neither concrete, nor particularized. *See Spokeo*, 578 U.S. at 340; *Lujan*, 504 U.S. at 560. Rather, Petitioner speculates about potential "ripple effects" in an entire "region[]" of the world. Pet. at

3

10.  In other words, Petitioner asserts that, as a result of U.S. government action, he might "suffer[] in some indefinite way in common with people generally," which is precisely the kind of purported injury the Supreme Court has rejected.  *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923); *see Spokeo*, 578 U.S. at 340; *Carney v. Adams*, 592 U.S. 53, 60 (2020) (a "generalized grievance" is not an injury in fact).  Petitioner's conclusory assertions of unspecified harms to "his human rights advocacy and cultural identity" are also insufficient to allege a concrete injury.  Pet. at 10; *see Spokeo*, 578 U.S. at 340 (explaining that "intangible injuries" can be cognizable provided that they are, nonetheless, "concrete"); *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022) ("conclusory, boilerplate allegations fail to establish standing"); *Spira v. Trans Union, LLC*, No. 21-cv-2367 (KMK), 2022 WL 2819469, at *5 (S.D.N.Y. July 19, 2022).  As the Supreme Court has held: "No concrete harm, no standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).  As such, since Petitioner fails to allege a concrete injury to himself, the Court need not dissect Petitioner's conclusory assertions of traceability and redressability.

In any event, as explained above, *only* the person for whom relief is sought or a proper "next friend" has standing to bring a habeas petition.  *See Ross ex rel. Smyth*, 396 F.3d at 513; 28 U.S.C. § 2242.  As such, even if Petitioner could adequately allege some concrete injury to himself as a result of what he calls "[t]he U.S. detention operation," Petitioner still could not seek habeas relief for Maduro.  Pet. at 10; *see Ross ex rel. Smyth*, 396 F.3d at 513; 28 U.S.C. § 2242.  In *Whitmore*, the Supreme Court stressed that "next friend" standing restrictions are needed to prevent a "litigant asserting only a generalized interest in constitutional governance" from "circumventing the jurisdictional limits of [Article] III" by bringing a habeas petition as a "next friend."  *Whitmore*, 495 U.S. at 164.  Indeed, Petitioner here appears to be among precisely the sort of "uninvited

4

meddlers, styling themselves next friends" the Supreme Court cautioned against in *Whitmore*. *Id*. (internal quotation marks and citation omitted).[1]

Accordingly, for the reasons set forth above, the Petition [ECF No. 1] is DENIED and this case is DISMISSED for lack of jurisdiction. Petitioner's request to proceed *in forma pauperis* [ECF No. 3] is DENIED as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court respectfully is requested to terminate all open motions, to mail a copy of this Order to Petitioner, and to close this case.

**SO ORDERED.**

**January 8, 2026**                                                      **MARY KAY VYSKOCIL**
**New York, NY**                                                         **United States District Judge**

---

[1] Because Petitioner clearly fails to establish standing to bring this habeas petition, the Court will not dwell on the import of Petitioner's status as "a Brazilian citizen . . . residing in São Paulo, Brazil." Pet. at 5. Petitioner asserts that the Supreme Court's decision in "*Boumediene v. Bush*, 553 U.S. 723 (2008), affirms habeas rights for foreign nationals detained extraterritorially, rejecting jurisdictional bars based on location." Pet. at 11. While the Supreme Court held that the "foreign citizens detained abroad" in *Boumediene* were entitled to pursue habeas relief, the decision does not establish that questions of location are categorically irrelevant to jurisdictional inquiries in habeas cases. *Boumediene*, 553 U.S. at 793. In any event, Maduro is not "detained abroad." *Id.* He is present in the United States. *See Carvajal-Barrios*, 11-cr-205 at ECF No. 273. In light of the Supreme Court's warning about "uninvited meddlers" in habeas proceedings, *Whitmore*, 495 U.S. at 164, it strikes this Court as relevant to Petitioner's lack of standing, and thus this Court's lack of jurisdiction, that *Petitioner* is not present in the United States, is not a U.S. citizen, and is not even a citizen of Venezuela, the country from which Maduro hails. That Petitioner is "a Brazilian citizen . . . residing in São Paulo, Brazil" underscores his utter lack of standing to bring this case.

5